# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE.: | CASE NO. 19-07508 (MCF13) |
| José C. Belardo Ayala, | CHAPTER 13 |
| DEBTOR. | |

### MOTION FOR ENTRY OF ORDER FOR DEBTOR TO SURRENDER PLEDGED VEHICLE TO CREDITOR

**TO THE HONORABLE COURT:** 902

**COMES NOW**, creditor FFI Holdings, Puerto Rico, LLC, d/b/a La Familia Pawn ("La Familia Pawn"), through the undersigned attorneys, and very respectfully STATES and PRAYS as follows,

(1) On November 24, 2019, Debtor executed a Pawn Agreement (the "Contract") whereby he obtained a loan in the amount of $902.00 from La Familia Pawn and pledged as collateral the certificate of title of his 2011 Kia Rio (the "Vehicle"), thus granting La Familia Pawn a security interest in the Vehicle under Puerto Rico Act No. 23 of February 24, 2011, as amended by Puerto Rico Act No. 209 of December 16, 2014. See Exhibits to Claims Register 12-1.

(2) Under the Contract, the original loan amount plus interests was due 30 days later, See Exhibits to Claims Register 12-1. And, if Debtor had not paid this full amount by that date, he had two choices: either redeem the Vehicle by paying the full amount due or extend the maturity date in the manner provided by the Contract. See Exhibits to Claims Register 12-1. Debtor's 30-day term expired, and he neither made any payments under the loan nor extended the

maturity date by said date. Accordingly, under Puerto Rico law, a 30-day grace period began to run, and at the expiration of this period, absolute title of the Vehicle would then automatically be conveyed to La Familia Pawn, barring payment in full of the original loan amount and all interests accrued. Id.; 10 L.P.R.A. § 646 (English translation at PR ST T. 10 § 646). At that point, La Familia Pawn would be free to repossess and sell the vehicle, and Debtor would have no right to redeem. Id.

(3) Debtor filed for bankruptcy protection in the foregoing action on December 23, 2019, having made no payments to La Familia Pawn. See Docket No. 1. La Familia Pawn's Proof of Claim evidences that Debtor has a secured claim, based on a statutory lien on the Vehicle, in the amount of $902.00.

(4) The automatic stay does not apply to the Vehicle, because it is not property of the estate. To wit, Section 541(a) of the Bankruptcy Code, made application by Section 1306, defines not only what **is** property of the estate but also what is **not** property of the estate. To that end, it provides, in pertinent part:

> **(b)** Property of the estate does not include—
>
> **(8)** subject to subchapter III of chapter 5, any interest of the debtor in property where the debtor pledged or sold tangible personal property (other than securities or written or printed evidences of indebtedness or title) as collateral for a loan or advance of money given by a person licensed under law to make such loans or advances, where—
>
> **(A)** the tangible personal property is in the possession of the pledgee or transferee;
> **(B)** the debtor has no obligation to repay the money, redeem the collateral, or buy back the property at a stipulated price; and
> **(C)** neither the debtor nor the trustee have exercised any right to redeem provided under the contract or State law, in a timely manner as provided under State law and section 108(b);

11 U.S.C. § 541(b)(8).

(5) Now, the Debtor filed the captioned bankruptcy petition *before* his right to redeem the Vehicle during the aforementioned "grace period" had expired. In these situations, Section

108 of the Bankruptcy Code extends the applicable statutory redemption period to 60 days as of the date of the bankruptcy filing. 11 U.S.C. § 108(b). If the Debtor still does not exercise statutory redemption by that date, under bankruptcy law the Vehicle is excluded from the estate and is not subject to the automatic stay. See 11 U.S.C. §§ 108, 541(b)(8).

(6) That 60-day period has lapsed, and Debtor did not redeem the Vehicle. Accordingly, La Familia Pawn is now the rightful titleholder of the Vehicle. La Familia Pawn thus requests entry of an order for Debtor to surrender the vehicle within ten (10 days).

**WHEREFORE**, La Familia Pawn respectfully requests entry of an order for Debtor to surrender the Vehicle within ten (10 days).

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 21st day of July, 2020.

I hereby certify that on this date a true and exact copy of the foregoing document has been filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the entities or persons registered in the system.

**PIETRANTONI MENDEZ & ALVAREZ LLC**
Banco Popular Center, 19th Floor
208 Ponce de León Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212

*/s/ Jason R. Aguiló Suro*
Jason R. Aguiló Suro (USDC 227311)
jaguilo@pmalaw.com

**NOTICE OF RESPONSE TIME**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bankr. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, must serve and file an objection or other appropriate response to this paper with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed, unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court. the interest of justice otherwise requires.